COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:          Cynthia Martin v. Richard Wayne Sanders

Appellate case number:    01-18-00726-CV

Trial court case number:   2017-41092

Trial court:                         310th District Court of Harris County

On August 10, 2018, appellant, Cynthia Martin, filed a notice of appeal from the trial court's May 17, 2018 order dismissing her case for want of prosecution. *See* TEX. R. APP. P. 26.1(a)(2). Appellant timely filed a motion to reinstate on May 17, 2018, but after a July 31, 2018 hearing, the trial court denied that motion on the record, and then it signed an order denying the motion on August 10, 2018. Appellant requested findings of fact and conclusions of law on August 30, 2018, and then reminded the trial court when the findings and conclusions were overdue on October 1, 2018. *See* TEX. R. CIV. P. 296, 297.

On November 1, 2018, appellant filed this "Motion to Require Findings of Fact and Conclusions of Law and Motion to Extend Briefing Deadline." Appellant requested that this Court abate this appeal for the trial court to issue findings and conclusions of law regarding the order denying her motion to reinstate because she "should not have to guess at the reasons for the Trial Court's decision, as it might have been due to the fact that Appellant's counsel failed to appear at the hearing scheduled on the motion for continuance and for trial," or it "may have been based on a different issue as the court has the inherent power to dismiss a case 'when a case is not disposed of within the time standards promulgated by the Supreme Court.'" The clerk's record filed in this Court on October 4, 2018, does not contain the requested findings and conclusions. Alternatively, appellant requests a 30-day extension of time to file her brief.

However, after reviewing the reporter's record for the motion to reinstate filed on October 4, 2018, because the trial court held just a brief non-evidentiary motion hearing on July 31, 2018, it did not hold a bench trial on that date or on May 16, 2018, the date of the motion for continuance, at which appellant's counsel failed to appear, which led to the May 17, 2018 order dismissing her case for want of prosecution. Thus, the trial court did not

have a mandatory duty to file findings of fact and conclusions of law for a non-evidentiary motion hearing that was not a bench trial. *See* TEX. R. CIV. P. 296 (providing that, "[i]n any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law."); *cf. Nationwide Capital Funding, Inc. v. H. Epps. Co.*, No. 13-04-308-CV, 2006 WL 1030105, at *2 (Tex. App.—Corpus Christi Apr. 20, 2006, no pet.) (mem. op.) (concluding that, although Rule 296 applied because trial court held evidentiary hearing on personal jurisdiction, appellant suffered no harm because appellant "was not forced to guess the reasons that the trial court granted [appellee's] special appearance and dismissed the case.").

Accordingly, the Court **denies** appellant's motion to require findings and conclusions, construed as a motion to abate, but **grants** appellant's alternative extension request to file her brief. Appellant's brief shall be due **within 30 days of the date of this Order**.

It is so **ORDERED**.

Judge's signature: __/s/ Laura C. Higley_____
                      ☒ Acting individually     ☐ Acting for the Court

Date: __November 8, 2018_____